RESULTS, INCORPORATED, v. SECY. OF STATE, CORPORATION DEPT.

(No. 75-0295-AD—Decided January 7, 1977.)

Court of Claims.

*Results, Incorporated*, through Mr. Richard C. Baudendistel.

Mr. *Thomas E. Turk*, assistant attorney general, for defendant.

LALLY, DEPUTY CLERK. Plaintiff, incorporated in 1966 as Results, Incorporated, seeks recovery for expenses incurred because of defendant's acceptance of articles of incorporation for a Results, Inc., on August 29, 1972.

Defendant relies on this court's decisions in *Adamov* v. *State* (1975), 46 Ohio Misc. 1, and *Mawhirter* v. *Dept. of Rehabilitation and Correction*, case No. 75-0122-SC (1975), to support the proposition that the Court of Claims Act "does not permit a private party to sue the state of Ohio for the act of governing even if such activity be negligent." Particular emphasis is placed on the quotation in *Adamov*, at page 6, that the mandate of R. C. 2743.02 that the state's liability is to be determined "in accordance with

the same rules of law applicable between private parties" indicates that:

"* * * the causes of action in which private parties are concerned are the kinds of causes in which there can be the possibility of recovery from the state by the citizens of the state. Private parties are involved in actions for breach of contract, orthodox tort liability and the commonly accepted equitable remedies.

"Private parties do not ordinarily operate prisons, patrol the highways, operate institutions for the mentally ill, at least not to the extent as does the state, provide welfare assistance for the unfortunate, and impoverished, nor do they license and regulate professional and business entities and persons by an exercise of the police power of the state.

"There is an area, even if not too definitely marked out, in which there must be room to govern. * * *"

Although the first two paragraphs of this quotation sound fairly sweeping, closer examination of the opinion reveals that immunity is not retained for every act relating to the regulation of business any more than it is for every act relating to the operation of the prison system, for in defining "the area in which government may govern," *Adamov*, at page 7, states that the test is "whether the governmental officer or agency, etc., the state in our case, is endowed with statutory power to exercise discretion." Similarly, in *Mawhirter*, at page 2, it is "the discretion to govern" which does not give rise to liability.

In measuring the Secretary of State's duty regarding similar names against this standard, it is necessary to examine R. C. 1701.05(A) which states, in part, that:

"[T]he secretary of state shall not accept for filing in his office any articles if the corporate name set forth therein is likely to mislead the public or if the name is not such as to distinguish it from the name of any other corporation * * * unless there is also filed in the office of the secretary of state the consent of such other corporation to the use of such name, evidenced in writing signed by the incorporators of such other corporation if no directors or trustees

of such other corporation have been elected or designated, or evidenced by a resolution of the directors or trustees of such other corporation certified by its secretary or an assistant secretary."

Although the "law of the case" doctrine has minimal applicability at the initial decision-making level and the opinion of the acting clerk overruling defendant's prior motion to dismiss thus has no binding effect, the court finds itself in agreement with his conclusion that the "Secretary of State simply has no discretion to accept the incorporation papers of a company which proposes to use a name which is virtually identical to the name of an already existing corporation." Not only does R. C. 1701.05 (A) fail to fit into the " 'may' format" which was emphasized in *Adamov*, at pages 7 and 9, but the "determination" of whether a name "is not such as to distinguish it from the name of any other corporation" involves no more "evaluation and judgment based upon expertise" (*Adamov*, at page 8) than many clearly clerical or ministerial acts. Although in discussing the similar G. C. 8623-5, the court in *Cincinnati Realty Co.* v. *St. Nicholas Plaza, Inc.* (1931), 28 N. P. (N. S.) 354, 360, stated that "the Secretary of State had no discretion in the matter of filing defendant's articles beyond such as given him in Section 8623-5," the context of that statement does not indicate that any deliberation was given to the question of whether G. C. 8623-5 actually did confer discretion and certainly not whether it was "discretion" within the meaning of *Adamov*. Further, despite the reference in R. C. 1701.05(A) to names that are "likely to mislead the public," the "consent to use" provision clearly indicates that the section is designed to protect the value of the first corporation's name rather than the public's welfare (see *Investors Syndicate* v. *Hughes* [1942], 378 Ill. 413, 422-423), and thus is not subject to the rule that statutes exercising the police power for the benefit of the general public establish no duty of care to any particular individual.

However, the plaintiff has made no showing of direct economic damage through the second corporation's use of

the same name; instead, it seeks to recover payments it made to the second "Results" "to cover the expense of changing stationery, etc." in return for adopting a new name. In light of this, there appears to have been no provable damage to either corporation which was not avoidable. Further, if plaintiff had obtained an injunction, the damages sought in this case would have been suffered by the second "Results," which might have had more difficulty showing that defendant owed it a duty of care and which had access to public records indicating the potential problem (indeed, there are suggestions in the record that it was actually aware of plaintiff's existence before it filed). While plaintiff might assert that the scope of R. C. 1701.05(A) is broad enough to indicate that it should not have to suffer corporate anxiety about some possible future detriment, it still would not have shown that damages resulting from that anxiety or plaintiff's efforts to alleviate it are recoverable in an action based on negligence.

*Complaint dismissed.*